KNIGHT v. HARTFORD FIRE INS. Co.*

(Division B. March 22, 1926.)

[107 So. 526. No. 25564.]

1. INSURANCE. *In application for insurance on automobile, words "actual cost, seven hundred thirty dollars," held to mean cost of car as it stood at time it was insured.*

Where an application for an insurance policy on an automobile represented the automobile to be secondhand, "actual cost seven hundred thirty dollars," and "fully paid for," and the testimony showed that the original purchase by the owner was one hundred seventy-five dollars, with replacements and repairs bringing the cost up to seven hundred thirty dollars, the words "actual cost, seven hundred thirty dollars," do not mean the original cost, but the cost of the car as it stood at the time it was insured.

2. INSURANCE. *In action on insurance policy containing representation that car was worth seven hundred thirty dollars, on testimony that plaintiff had spent more than seven hundred thirty dollars on repairs and that when insured it was worth between eight hundred fifty and one thousand dollars and amount of insurance was five hundred dollars, granting peremptory instruction for defendant insurance company was error.*

Where the plaintiff brought suit on an insurance policy containing the representation shown in the opinion, and testified that he had spent more than seven hundred thirty dollars in bringing the car up to the standard it was at the time the insurance was taken out, and that his car was worth at the time it was insured between eight hundred fifty and one thousand dollars, and the amount of the insurance taken was five hundred dollars, it was error to grant a peremptory instruction for the defendant insurance company.

3. INSURANCE. *On issue of fraud in procuring insurance, excluding testimony that general agent for company saw car at time of taking out insurance and placed his own value thereon, without further representation than signing application, was error.*

Where one of the issues in suit is whether fraud was used in procuring the insurance, testimony to the effect that the agent who wrote and delivered the policy, being a general agent, saw

the car at the time of the taking out of the insurance and placed
his own value thereon, without further representation than sign-
ing the application by the insured, it was error to exclude the
testimony for the plaintiff as to such facts.

*Corpus Juris-Cyc. References: Motor Vehicles, 28 Cyc, p. 50, n. 59
New.

APPEAL from circuit court of Covington county.
HON. W. L. CRANFORD, Judge.

Action by Curtis C. Knight against the Hartford Fire
Insurance Company. From a judgment of dismissal,
plaintiff appeals. Reversed and remanded.

*E. L. Dent,* for appellant.

The true facts of this case which the court below would
not let the jury hear, instead of being as represented by
said pleas, are: That the insurance agent pursuaded
this school boy, appellant, to have his automobile insured
and that this agent even wanted to insure the car for one
thousand dollars. The agent placed the value on the
car, and not appellant. Appellant was not even asked
what he gave for the car.

It is beyond our comprehension just why the circuit
judge after the introduction of all the evidence, gave a
peremptory instruction for appellee when from the evi-
dence there was not the slightest imputation of bad faith
or over-valuation of the car on the part of appellant.
The appellant, in his declaration, set out that he had
complied with all the terms and conditions of said con-
tract and policy of insurance. He swore as a witness that
for the automobile, including equipment, he gave one
hundred seventy-five dollars, but that after having it
overhauled and new parts put on it, it cost him seven
hundred fifty dollars or more, and that at the time it was
insured, it was reasonably worth from eight hundred fifty
to one thousand dollars.

There is not one scintilla of evidence in this record
and none can be produced that appellant misrepresented

one single fact about his automobile either to the appellee or its agent, that can by the remotest degree be considered to substantiate in the very slightest manner the allegations of fraud and misrepresentation in appellee's two special pleas. Yet, notwithstanding that fact, the learned circuit judge judicially determined that the automobile cost appellant one hundred seventy-five dollars and that this was such a fraud and misrepresentation on his part that he could not collect on the policy. In my judgment that was certainly a miscarriage of justice which this court should correct by reversing this case.

*T. J. Wills* and *R. L. McLaurin,* for appellee.

The policy contained a warranty that the actual cost at the time of the purchase of this car in June, 1924, was seven hundred thirty dollars, and a stipulation that, "This entire policy shall be void if the assured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof."

The plaintiff rested his case upon the issue as to whether or not the car had cost one hundred seventy-five dollars or seven hundred thirty dollars at the time he purchased it. If he had relied upon a waiver, it was necessary for him to have set it up as affirmative matter in his replication. See *Rayborn* v. *Bank of Commerce,* 76 So. 826.

The insured was charged with notice of the representations and warranty contained therein. He knew that he had warranted that the actual cost of the car at the time he purchased it was seven hundred thirty dollars. He also knew that the actual cost to him was only one hundred seventy-five dollars and that there was a stipulation that the entire policy should be void if he had concealed or misrepresented any of the facts. *Hartford Fire Ins. Co.* v. *McCain,* 106 So. 529; *Va. Fire Marine Ins. Co.* v. *Morgan,* 18 S. E. 191.

The warranty as to the actual cost of the car was an affirmative warranty. It was a condition precedent to the validity of the policy. An affirmative warranty relates to past acts, events or conditions of things and consists in the assertion of a past or existing fact, upon the truth or accuracy of which the validity of the contract is made to depend. *Metropolitan Life Ins. Co.* v. *Goodman* (Ala.), 65 So. 449.

This court held that a false warranty was not waived because the insurer's physician made out the application, it not appearing that the physician was advised as to the true facts, or that the insured did not fully understand the answers as written. *Sovereign Camp W. O. W.* v. *Prince,* 106 So. 521.

The issues made in this case were that plaintiff had warranted that the original cost of the car was seven hundred thirty dollars when as a matter of fact, the original cost was one hundred seventy-five dollars; and that this fraud and misrepresentation or concealment of the facts vitiated the contract of insurance. Plaintiff himself admitted that he paid only one hundred seventy-five dollars as the original cost, and there is no conflict, as to that evidence. On this proof the lower court held that the defense had been sustained and the defendant was entitled to the peremptory instruction requested.

Ethridge, J., delivered the opinion of the court.

Curtis C. Knight, appellant, took an insurance policy in the Hartford Fire Insurance Company upon an automobile, which was burned by fire within the period of the life of the insurance policy. The policy was for the amount of five hundred dollars, and a copy of the policy was made an exhibit to the declaration. The defendant filed the general issue and two special pleas. The first special plea alleged that by the terms of the contract sued on there is a warranty therein which is as follows:

"This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any

142 Miss.—25.

material fact or circumstance concerning this insurance or the subject thereof.''

The plea set up that the policy was breached because it was represented in the policy that the automobile cost seven hundred thirty dollars, whereas in fact it only cost one hundred seventy-five dollars. To this special plea issue in short was taken by consent signed by attorneys for both sides. The second special plea alleged that the plaintiff represented that the value of the car was seven hundred thirty dollars, when as a matter of fact he had only paid one hundred seventy-five dollars therefor, and that there was a warranty in the policy which provided that the policy would be void in case of any false representations of a material fact or circumstance concerning the insurance or the subject thereof, and tendered back the premium of nineteen dollars and twenty-five cents, to which plea issue in short was taken signed by attorneys for both parties.

The statement of the application, contained in the exhibit to the declaration as part of the policy, had the following among other things:

''(3) The facts with respect to the purchase of automobile described as follows: Month, June. Year, 1924. New or secondhand, Secondhand. Actual cost, seven hundred thirty dollars. Fully paid for.''

The plaintiff testified that he bought the car originally as a secondhand car for one hundred seventy-five dollars, and that he had it repaired and parts replaced in a number of particulars. The first bill for replacing parts and repairing car amounted to between three hundred dollars and three hundred fifty dollars, and included repair work in the transmission, a rim, and overhauling the engine, also another garage bill for seventy-five dollars or one hundred dollars, another one for twenty-six dollars, and one for seven dollars and fifty cents, a bill for forty-five dollars for a new top, and a set of tires at one hundred twenty-five dollars. The plaintiff alleged that, counting in the cost of replacements and repairs, the automobile cost about seven hundred fifty dollars in all,

and was worth from eight hundred fifty dollars to one thousand dollars. He further stated, in the absence of the jury, that the agent who insured the automobile and delivered the insurance policy to plaintiff saw the car and placed his own value thereon, and tried to insure it for as much as one thousand dollars, but that plaintiff's father thought the rate was too high, and that five hundred dollars was enough insurance to take out; that the agent saw the car, inspected it, and placed his own value thereon; that plaintiff made no representations other than to sign the application made out by the agent.

At the conclusion of the plaintiff's evidence the court excluded the statements testified to as to the agent's inspection of the car and valuation thereon, and granted defendant a peremptory instruction and entered judgment dismissing the suit. This case turns upon the construction of the words "actual cost, seven hundred thirty dollars," above set out.

We think it was error to grant a peremptory instruction from the testimony in the record. The policy did not use the words "original cost," or the purchase price, to the plaintiff, but used the words "actual cost." As we understand, it was the purpose of this inquiry and representation to prevent overinsurance of this automobile, and, as the testimony introduced showed that the total amount of the cost of the car, including repairs and replacements of parts, was equal to the amount stipulated for, and that the car was actually worth more than that amount, there was no fraudulent representation. What the insurance company was obtaining was not the price or value of the car at the time it was bought, but the cost and value of the car at the time the policy was issued.

Taking plaintiff's evidence as being true in connection with the statements contained in the exhibit to the declaration, there was no fraudulent misrepresentation, and consequently the policy was not avoided. Of course the defendant could have disputed the plaintiff's testimony and made an issue for the jury, or it may have shaped its application to show the cost or value, or both, at the time

of purchase by the plaintiff, instead of at the time of the taking out of the policy of insurance.

We also think, on the issue of fraud involved, that the testimony as to what the agent saw and did at the time of writing this policy was material, he being a general agent, and not merely one to forward the policy for approval at the home office.

The judgment will therefore be reversed and the case remanded for a new trial.

*Reversed and remanded.*